COURT OF APPEALS
DECISION
DATED AND FILED

September 9, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1958-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2010CF98**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ROBERT L. BROWN,

    DEFENDANT-APPELLANT.

        APPEAL from an order of the circuit court for Washburn County: EUGENE D. HARRINGTON, Judge. *Affirmed*.

        Before Stark, P.J., Hruz and Seidl, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

        ¶1     PER CURIAM.   Robert Brown, pro se, appeals an order denying his motion for sentence modification.   Brown claims there are two new factors

justifying a reduction in his sentence.[1] Specifically, he asserts the sentencing court was unaware that: (1) Brown would not be able to receive sex offender treatment while he was incarcerated; and (2) the fifteen-year period of initial incarceration would exceed Brown's life expectancy. We reject Brown's arguments and, therefore, affirm the circuit court's order.

## BACKGROUND

¶2      Brown was convicted upon his guilty plea of repeated second-degree sexual assault of the same child and he was sentenced to fifteen years of initial confinement followed by five years of extended supervision. Brown's WIS. STAT. RULE 809.30 (2017-18)[2] postconviction motion for plea withdrawal was denied. On direct appeal, this court reversed the order and remanded the matter to the circuit court with directions to hold an evidentiary hearing on whether Brown understood the sexual contact element of the crime when he entered his guilty plea. *See State v. Brown*, No. 2011AP2527-CR, unpublished slip op. (WI App June 26, 2012). After a hearing, the circuit court found that Brown understood the sexual contact element, and it again denied the plea withdrawal motion. This court then affirmed. *See State v. Brown*, No. 2013AP1136-CR, unpublished slip op. (WI App May 6, 2014).

---

[1] Brown also argues that his sentence was unduly harsh. Brown, however, forfeited this argument by failing to first raise it in the circuit court. *See State v. Rogers*, 196 Wis. 2d 817, 825-27, 539 N.W.2d 897 (Ct. App. 1995) (to preserve arguments for appeal, a party must raise them before the circuit court).

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3    The circuit court denied Brown's subsequent petition for sentence adjustment. Brown then filed the underlying motion for sentence modification. The circuit court denied the motion after a hearing, and Brown now appeals.

**DISCUSSION**

¶4    As an initial matter, Brown argues the circuit court erred by using "the wrong legal standard" to deny Brown's motion for sentence modification. The State concedes that at the motion hearing, the court erroneously referred to Brown's motion as one for "sentence adjustment" under WIS. STAT. § 973.195 and entered an order denying sentence adjustment. The court, however, also addressed the purported new factors that Brown claimed warranted sentence modification. Because the court addressed the merits of Brown's motion for sentence modification, we reject his challenge to the form of the order denying it.

¶5    A circuit court may modify a defendant's sentence upon a showing of a new factor. *See **State v. Harbor***, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828. The defendant must demonstrate by clear and convincing evidence that a new factor exists. ***Id.***, ¶36. A new factor is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the [circuit court] at the time of original sentencing, either because it was not then in existence or because ... it was unknowingly overlooked by all of the parties." ***Id.***, ¶40 (citation omitted). Whether a fact or set of facts constitutes a new factor is a question of law this court decides independently. ***Id.***, ¶33. If the facts do not constitute a new factor as a matter of law, a court need not go further in the analysis. ***Id.***, ¶38. The existence of a new factor, however, does not automatically entitle a defendant to sentence modification. ***Id.***, ¶37. If a new factor is present, the circuit court, in the

3

exercise of its discretion, determines whether the new factor justifies sentence modification. *Id.*

¶6    Here, Brown claimed two new factors justified sentence modification. First, he argued the sentencing court was unaware that his low risk of reoffending made it unlikely that he would receive sex offender treatment in prison. Citing research suggesting that incarceration adversely affects life expectancy, Brown also claimed the sentencing court was unaware that a fifteen-year period of initial confinement would exceed Brown's life expectancy. Based on the record, we conclude these are not new factors.[3]

¶7    At the sentencing hearing, defense counsel repeatedly highlighted Brown's age and health, emphasizing that Brown was one month shy of being sixty-nine years old and that in the past Brown had undergone open bypass surgery and suffered a heart attack. Counsel added: "I think if we put Mr. Brown in [prison] for an extended period of time … it's likely that will amount to a life sentence. And he'll more or less die in prison." The circuit court acknowledged Brown's age and health when imposing the sentence. Thus, although the court may not have known about the specific life expectancy research Brown now cites, the court knew that Brown's period of initial confinement could exceed his life expectancy.

_____

[3] The circuit court concluded the factors were new, but determined that the factors did not justify sentence modification. As noted above, we review de novo whether the facts presented constitute new factors for purposes of sentence modification. *See State v. Harbor*, 2011 WI 28, ¶33, 333 Wis. 2d 53, 797 N.W.2d 828. Moreover, this court "may affirm on different grounds than those relied on by the [circuit] court." *State v. Earl*, 2009 WI App 99, ¶18 n.8, 320 Wis. 2d 639, 770 N.W.2d 755. Because we determine that Brown has not demonstrated any new factor, we need not, and do not, discuss whether the court erroneously exercised its discretion in determining the alleged new factors did not justify sentence modification.

¶8      The sentencing court was also aware that Brown might not receive sex offender treatment in prison.  At sentencing, defense counsel informed the court that "[g]iven the realities of what the waiting lists are for sex offender treatment in prison, and especially Oshkosh, it's likely that Mr. Brown will die before he gets sex offender treatment in prison."  Thus, the sentencing court knew Brown might not receive treatment while incarcerated, whether because of his low risk level or program waiting lists.  Because Brown has not demonstrated the existence of a new factor, there is no basis for sentence modification.

        *By the Court*.—Order affirmed.

        This  opinion  will  not  be  published.    *See* Wis. Stat. Rule 809.23(1)(b)5.